CASE 11—PETITION EQUITY—JUNE 5.

# Dean vs. Ball.

# Bronston, &c., vs. Ball.

APPEALS FROM MADISON CIRCUIT COURT.

1. If a distress for rent is discharged by a bond, as authorized by section 721 of the Civil Code, the claim distrained for may be litigated in whole or in part, as provided in section 722.

2. The provisions of the Code do not repeal *section 28 of article 2 of chapter 56 of the Revised Statutes* (2 *Stanton*, 97). Said section 28 provides, that a distress for rent may be replevied, and the bond returned to the clerk's office of the circuit court, and proceeded upon as provided in case of a sale bond.

3. That the amount of rent distrained for was greater than in justice it should have been, will not affect the validity of the replevin bond and subsequent proceedings thereon, and will not authorize the court to set aside the replevin bond and sales made under the execution which issued thereon.

4. Two appeals being taken upon the same record, the cost of the unnecessary transcript, last filed, will not be included in the taxation of the costs of the party filing it.

S. TURNER,   For Appellant Dean,

CITED—

*Act of* 1854, *exempting tools from levy*, 1 *Stanton*, 495.
*Rev. Stat.*, secs. 28 and 30, *chap.* 97, 1 *Stant.*, 96, 98.
*Civil Code*, secs. 721, 722, 726.

CHENAULT & McCREARY,   For Appellants Bronston, &c.

BURNAM & CAPERTON,   For Appellee.

Dean vs. Ball.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Although Ball had the right, under the 721st section of the Civil Code, to discharge the levy of the distress warrant on his property by executing bond, with sufficient security, to Dean, for the rent claimed, with ten per cent. costs thereon, and if he had done so, the remedy of Dean would have been by motion for a judgment on the bond, as authorized by section 722 of the Code, on the trial of which the defendants might have litigated Dean's claim in whole or in part. The provisions of the Code do not, in our opinion, repeal the 28th section of article 2 of chapter 56 of the Revised Statutes, which provides, that " a distress for rent may, at any time before a sale of the property, be replevied for three months, by the defendants giving bond and good security, to be approved by the officer. Whereupon, the property seized shall be restored, and the officer shall return the precept and replevin bond to the clerk's office of the circuit court, to be proceeded on as is provided in case of a sale bond."

Ball appears to have given bond under this section of the statute. But, after his property had been sold under the execution which issued thereon, he brought this suit in equity, seeking to litigate the claim of Dean, and to vacate the bond and set aside the sale, on the ground that he executed the bond without understanding its tenor and legal effect, intending at the time to avail himself of his right to discharge the levy, reserving the right to litigate the plaintiff's claim as allowed by the Civil Code of Practice. He, moreover, sought to set aside the sale, on the grounds that his property was sold at a sacrifice, and that he had been misled, and induced to believe the sale would not be made, by a conversation of the deputy clerk, and was thereby prevented from being present at the sale, or taking steps to prevent it.

We do not concur in the conclusion of the circuit court, that the fact that Dean's claim was larger than, in justice, it should have been, if such was really the case, affected the validity of the bond and proceedings subsequent to its execution, if no other cause existed to render the bond invalid. Nor does it appear to us that Ball manifested a right to annul the bond and set aside the levy and sale on any of the grounds relied on in his petition.

The judgment is, therefore, deemed erroneous, and must be reversed on both these appeals; but as it has been made to appear to the court that the transcript of the record on the appeal of Dean was filed before the filing of the record by the other appellants, and that the filing of the last named copy of the record was unnecessary, the taxation of the costs of the appellants Bronston and Baker will not include the cost of making out the transcript filed by them.

Wherefore, the judgment is reversed on the appeal of Dean, and also on the appeal of Bronston and Baker, and the cause remanded, with directions to render a judgment in conformity to this opinion.